IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DAVID C. GOMEZ,**

      **Petitioner,**

      vs.                                        Civ. No. 10-1012 LH/ACT

**ERASMO BRAVO, Warden,**

      **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]**

**THIS MATTER** is before the Court on a Petition for Writ of Habeas Corpus ("Petition") filed by David C. Gomez ("Petitioner"), filed on October 26, 2010. [Doc. No. 1.] Respondent filed an Answer ("Answer") on December 28, 2010. [Doc. No. 8.] Petitioner filed a Reply ("Reply") on February 2, 2011. [Doc. No. 9.] Respondent filed a Response to Petitioner's Reply on February 14, 2011. [Doc. No. 10.]

Petitioner filed his Petition under 28. U.S.C. § 2251 (sic) and 28 U.S.C. § 2254. Petitioner is not arguing that his underlying conviction is invalid, but is arguing that the length of the sentence has been extended by 24 months because his "good time credits" have been misapplied and his in-house parole date was miscalculated. [Doc. No. 1 at 2.] A claim that attacks the duration of Petitioner's confinement or the execution of the sentence is a claim that should be pursued under 28 U.S.C. § 2241. *See, e.g., United States v. Furman*, 112 F.3d 435, 438 (10th Cir. 1997). Therefore, the Court will treat Petitioner's claim under § 2241.

---

[1] On Order of Reference [Doc. No. 4] was entered on November 10, 2010, referring this case to Magistrate Judge Alan C. Torgerson to conduct, hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case.

A habeas corpus claim brought under 28 U.S.C. § 2241 must show a violation of the Constitution of the United States to obtain relief. Having reviewed the Petition, Response, Reply and Response to Reply, this Court finds no valid claim that the execution of the sentence violates the Constitution of the United States. Accordingly, this Court recommends that David C. Gomez's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, filed October 26, 2010, be DISMISSED with prejudice.

## PROCEDURAL AND FACTUAL BACKGROUND

Petitioner is currently incarcerated in a New Mexico correctional facility pursuant to a series of Judgments and Orders of the Thirteenth Judicial District Court, County of Valencia, State of New Mexico in Cause Nos. CR-2000-310 and CR-2000-392. [Doc. No. 1 at pp. 10-13; Doc. No. 8 at 2.] On August 20, 2001, Petitioner was sentenced to serve four (4) years of incarceration – three (3) years for attempted trafficking of a controlled substance and a one (1) year habitual offender enhancement – to run consecutively (Cause No. CR-2000-310). [Doc. No. 1 at 10-11.] Petitioner was also required to serve a two-year mandatory parole period upon release from the Department of Corrections. [Id. at 11.] On January 23, 2002, the Petitioner was sentenced to serve seventeen and one-half (17½) years of incarceration - fifteen (15) years for second degree murder, eighteen (18) months for tampering with evidence, and one (1) year habitual offender enhancement – to run consecutively (CR-2000-394). [Id. at 12.] Petitioner was also required to serve a two-year mandatory parole period upon release from the Department of Corrections. The two sentences were to run concurrently. [Id. at 2; Doc. No. 8 at 3.]   Petitioner received presentence credit for one (1) year and forty-two (42) days. [Doc. No. 1 at 13; Doc. No. 8 at 3.]  Petitioner began serving his sentence on January 23, 2002. [Doc. No. 8 at 3.]

Petitioner claims that without being advised, he began serving in-house parole on CR-2000-310 on August 25, 2003. [Doc. No. 1 at 2.]  This parole period ended on August 27, 2004. [Id.]  Petitioner was not provided with a Certificate of Discharge. [Id.]  Petitioner also claims that a parole hearing was held on or about April 28, 2004, in which he was advised he was being paroled from the eighteen (18) month portion of his sentence on CR-2000-340 to the consecutive fifteen (15) year portion of that sentence. [Id.]  Petitioner received a document granting him parole from the eighteen (18) month portion of CR-2000-394. [Id.]  Petitioner claims that he should have been paroled from the eighteen (18) month portion of his sentence on CR-2000-340, as early as June 2002 or even earlier with his good time credits. [Id.]   Petitioner states that the New Mexico State Parole Board's failure to parole him in a timely matter means that Petitioner has served 24 months of imprisonment that should be credited to the fifteen (15) year portion of his sentence on CR-2000-340. [Doc. No. 1 at 2.]

In late 2009, Petitioner requested a print out of his "good time figuring sheet" and noted that his 24-month calculation for good time credit was missing, as well as his parole from the eighteen (18) month portion of his sentence on CR-2000-340. [Id.] Petitioner wrote a letter to the State of New Mexico Adult Parole Board and was referred to the Records Department of the New Mexico Department of Correction. [Id.] Petitioner submitted a Petition for Writ of Supervisory Control to the New Mexico Supreme Court regarding the miscalculation of his sentence. [Id. at 4-6.] The New Mexico Supreme Court denied his petition. [Id. at 7.] Petitioner subsequently filed a Petition for Writ of Habeas Corpus.

In its Answer, Respondent asks this Court to deny Petitioner's Petition because the Petitioner has not suffered any violation of any federal law or federal constitutional provision that mandates the granting of federal habeas corpus review and relief. [Doc. No. 8 at 4.]

Respondent argues that the issue of good time credits applied to Petitioner's sentence is founded on New Mexico statutory law. [Id. at 9.] In addition, Respondent states:

> Following an order to respond to Petitioner's claims, an audit was completed by the Guadalupe County Correctional Facility, the New Mexico Adult Parole Board, and the Bureau Chief Records Manager for the New Mexico Department of Corrections. . . . The audit revealed the following:
>
> A.  The one (1) year habitual offender time should have been run consecutive to the second-degree murder charge at four (4) days per month earned meritorious deductions. This has been changed with the reissuing of a good time figuring sheet for both charges.
>
> B.  The audit revealed that Petitioner should have served the tampering with evidence portion of his sentence first, then been transferred to the consecutive second-degree murder charge and the habitual offender enhancement. This error has been corrected with the issuance of a new good time figuring sheet, indicating Petitioner discharged this portion of his sentence on November 13, 2002.
>
> . . .
>
> [A]fter an audit of Petitioner's inmate file, the New Mexico Department of Corrections has corrected any errors. Petitioner is serving his sentences as statutorily mandated by New Mexico state law. Petitioner has received all presentence confinement credit and good time credit that he is entitled to receive by New Mexico law.

[Doc. No. 8 at 8-9, 13.]

In his Reply, Petitioner asserts Respondent's representation that the New Mexico Department of Corrections has corrected any errors "is not true," and that his sentence continues to be miscalculated in violation of his rights to due process. [Doc. No. 9 at 2.] Petitioner argues that the New Mexico Department of Corrections and New Mexico Parole Board have misapplied or misinterpreted the State Court's Orders regarding his sentences. [Id.]

4

**DISCUSSION**

Petitioner claims that his sentence has been extended by 24 months due to the misapplication of his good time credits and the miscalculation of his in-house parole date in CR-2000-394, and that as a result his due process rights have been violated. The federal statute governing applications for a writ of habeas corpus brought under 28 U.S.C. § 2241 states:

> (c)   The writ of habeas corpus shall not extend to a prisoner unless –
>   . . .
> (3)   He is in custody in violation of the Constitution or laws or treaties of the United States.

A habeas corpus claim brought under 28 U.S.C. § 2241 must show a violation of the Constitution of the United States to obtain relief.[2] Thus, this Court's inquiry is restricted to a review of a claim by the Petitioner that he is in custody in violation of the Constitution of the United States. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Here, Petitioner's claim that his state prison sentence has been extended by 24 months due to the misapplication of his good time credits and miscalculation of his in-house parole date are not grounds for federal habeas relief and amount to a claim of error under state law. A federal habeas court "will not second guess a state court's application or interpretation of state law unless such application or interpretation violates federal law." *Browser v. Boggs*, 20 F.3d 1060, 1065 (10th Cir. 1994), *cert. denied*, 513 U.S. 926 (1994). More importantly, however, Respondent specifically addresses Petitioner's claims in its Answer and provides evidence of relief pursuant to an audit of Petitioner's inmate file. The audit resulted in correcting any errors

---

[2] A habeas petitioner seeking relief under § 2241 is generally required to exhaust the remedies available in State court. *Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005). Respondent concedes that Petitioner has exhausted his State court remedies. [Doc. No. 8 at 12.] The Court agrees that Petitioner, having presented the same issue to the highest state court in New Mexico, has exhausted his State court remedies. See *Maestas v. Utah State Bd. of Pardons*, 64 F.3d 669 (10th Cir. 1995)(noting that the exhaustion requirement is satisfied by presenting the substance of the habeas claims to the state's highest court).

in Petitioner's sentences with respect to both good time credits and the timing of when various offenses were running concurrently as follows:

> A. The one (1) year habitual offender time should have been run consecutive to the second-degree murder charge at four (4) days per month earned meritorious deductions. *This has been changed with the reissuing of a good time figuring sheet for both charges.*
>
> B. The audit revealed that Petitioner should have served the tampering with evidence portion of his sentence first, then been transferred to the consecutive second-degree murder charge and the habitual offender enhancement. *This error has been corrected with the issuance of a new good time figuring sheet, indicating Petitioner discharged this portion of his sentence on November13, 2002.*
>
> . . .
>
> *[A]fter an audit of Petitioner's inmate file, the New Mexico Department of Corrections has corrected any errors. Petitioner is serving his sentences as statutorily mandated by New Mexico state law. Petitioner has received all presentence confinement credit and good time credit that he is entitled to receive by New Mexico law.*

[Doc. No. 8 at 8-9, 13.] (Emphasis added.)

The audit also resulted in a reissued Certificate of Parole "granting Petitioner parole to *concurrent* sentence in CR-2000-394 (granted from sentence in CR-2000-310 to CR-2000-394)." [Doc. No. 8 at 7; Exh. J.] (Emphasis added.)

In his Reply, Petitioner asserts that Respondent's representation of these corrections "is not true." [Doc. No. 9 at 2.] However, Petitioner's assertion is supported only by his own proposed recalculation of how his good time credits should be applied to various portions of his sentence. Petitioner explains:

> Petitioner signed a plea agreement to have his Habitual Sentence run with or as a part of his 18 month sentence for a total of 2½ years in CR-2000-394 with the 15 year sentence to follow, for a total 17½ years. This is clearly the way the Order of Confinement reads. The 2½ years should be served at half time (emd 30) and the 15 years should be served at 85% (emd 4). When the Respondents did their "so called" audit they put the one year Habitual portion of the sentence after the

6

>15 year sentence and ran it (the 1 year habitual) at 85% with the 15 year sentence, which is contrary to the plain language of the Order of Confinement in this case.

[Doc. No. 9 at 2.] As previously stated, the application of good time credits is an issue of state law and not grounds for federal habeas relief.  That said, and as noted by Respondent, the State of New Mexico has specifically addressed that when a sentence has been enhanced under the Habitual Offender Act, NMSA §§ 31-18-17 - 31-18-20 2002, good time credits are applied at the same deduction rate as for the underlying felony.  *Vallejos v. Marquez*, 2008-NMSC-003, ¶ 1, 143 N.M. 357, 176 P.3d 1089.  Thus, Petitioner's proposed recalculation is without merit.

Petitioner's claims that his due process rights were violated also fail.  Because Petitioner's claims regarding his good time credits were addressed and corrected by the New Mexico Department of Corrections, Petitioner's liberty interests have been protected and Petitioner has no due process claim.  *See Taylor v. Wallace*, 931 F.2d 698, 700 (10th Cir. 1991) (addressing "the settled principle that an inmate's liberty interest in his earned good time credits cannot be denied 'without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment.'")(quoting *Ponte v. Real*, 471 U.S. 491, 495, 105 S.Ct. 2192, 85 L.Ed.2d 553 (1985)); *see also Brooks v. Shanks*, 118 N.M. 716, 885 P.2d 637, 638 (1994) (holding that earned good time credits under § 33-2-34 were an entitlement that could only be divested by following statutory and administrative procedures).  In addition, Petitioner's claims regarding the miscalculation of his parole date were also addressed by the New Mexico Department of Corrections and Petitioner has failed to present any evidence to the contrary.  Furthermore, the power to grant, deny or revoke parole is within the discretion of the New Mexico State Adult Parole Board.  See NMSA § 31-21-25 1978; *see also Owens v. Swope*,

60 N.M. 71, 82-83, 287 P.2d 605, 612 (N.M. 1955)("Parole is a matter of grace conferred by State, and a prisoner is not entitled to parole as a matter of right.").

### RECOMMENDATION

For the foregoing reasons, this Court recommends that David C. Gomez's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, filed October 26, 2010, be DISMISSED with prejudice.

Timely objections may be made pursuant to 28 U.S.C. § 636(b)(1)(c). Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(c), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court for the District of New Mexico. A party must file any objections within the fourteen (14) days period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**ALAN C. TORGERSON**
**United States Magistrate Judge**